**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4991**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

CARL LEROY AKINS,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:12-cr-00222-CCE-1)

Submitted:  July 9, 2013              Decided:  August 1, 2013

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen F. Wallace, THE WALLACE LAW FIRM, High Point, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl Leroy Akins appeals his conviction and sixty-month sentence, following his guilty plea, to one count of possession of a machinegun, in violation of 18 U.S.C. §§ 922(o)(1), 924(a)(2), 2 (2006). Akins' counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Akins' guilty plea, and whether the district court erred in sentencing Akins. Akins was notified of his right to file a pro se supplemental brief but has not done so. Finding no error, we affirm.

Because Akins did not move the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). "To establish plain error, [Akins] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Our review of the record reveals no error. The district court complied with Rule 11's requirements, ensuring that Akins' plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed

the offense to which he was pleading guilty. Accordingly, we affirm Akins' conviction.

We review Akins' sentence under an abuse of discretion standard, assessing it for procedural and substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2008). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. We first assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49–51; see United States v. Lynn, 592 F.3d 572, 575–76 (4th Cir. 2010). Once we have determined that there is no procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. See United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. Moreover, Akins has failed to overcome the presumption of reasonableness we accord his within-Guidelines sentence.

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Akins, in writing, of the right to petition the Supreme Court of the United States for further review. If Akins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4